■      In the Matter of BENDERSON DEVELOPMENT CO., INC., Respondent, v THOMAS LOGAN, as Assessor of the Town of Wappinger, Appellant.—In a proceeding pursuant to article 7 of the Real Property Tax Law to review assessments upon certain real property for the years 1975, 1976 and 1977, the Assessor of the Town of Wappinger appeals from a judgment of the Supreme Court, Dutchess County, dated April 25, 1979, which reduced the subject assessments. The appeal brings up for review an amended judgment of the same court, dated June 3, 1979, and other related orders. Appeal from judgment dated April 25, 1979, dismissed, without costs or disbursements. This judgment was superseded by the judgment dated June 3, 1979. Judgment, dated June 3, 1979, affirmed, without costs or disbursements. There was no mutual mistake. Under the stipulation of settlement the State equalization rate applies. That rate relates to the prior year's assessment roll. Mollen, P. J., Lazer, Gibbons and Margett, JJ., concur.

■      In the Matter of JOHN CAMILLONE, Petitioner, v JOHN M. DOLCE, as Commissioner of Police of the City of White Plains, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated September 8, 1978, which, after a hearing, dismissed petitioner from the Police Department of the City of White Plains. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. There was substantial evidence in the record to support the findings of the respondent. Hopkins, J. P., Damiani, Gulotta and O'Connor, JJ., concur.

■      In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property on Burgher Avenue, in the Borough of Staten Island. RICHARD CLIFT et al., Appellants.—In a condemnation proceeding, claimants appeal from an order of the Supreme Court, dated July 25, 1978 and entered in Richmond County, which denied their motion to restrain the City of New York from proceeding with the widening of the street in front of said claimants' property in such manner as to condemn 10 feet on the easterly side of said street and no feet on the westerly side. Order affirmed, without costs or disbursements. We do not reach the threshold constitutional issue of the adequacy of the notice of condemnation. The claimants, by appearing in the proceeding and participating in the hearing to establish value, waived such claim. Further, if the ultimate issue raised by the claimants (i.e., the alleged arbitrariness of the entire allocation of the street widening to the easterly side), were properly before this court, we would hold that such allocation was legislative in character and not subject to attack in this proceeding (see *Kaskel v Impellitteri*, 306 NY 73, 80; *Matter of Asness v City of New York*, 5 Misc 2d 779, affd 4 AD2d 677). Hopkins, J. P., Titone, Gulotta and Cohalan, JJ., concur.